UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| IGOR LUKASHIN,<br><br>                Plaintiff,<br>    v.<br><br>UNITED COLLECTION BUREAU, INC.,<br><br>                Defendant. | CASE NO. 3:24-cv-05685-DGE<br><br>ORDER GRANTING MOTION TO DISMISS (DKT. NO. 11), GRANTING MOTION FOR EXTENSION (DKT. NO. 18), AND DENYING MOTION FOR SANCTIONS (DKT. NO. 24). |

## I    INTRODUCTION

Plaintiff Igor Lukashin, proceeding *pro se*, brings this action under the Fair Debt Collection Practices Act ("FDCPA"), the Washington Consumer Protection Act ("WCPA"), and the Washington Collection Agency Act ("WCAA"). (*See* Dkt. No. 1.) Before the Court is Defendant United Collection Bureau's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), on the grounds that Plaintiff's claim is time-barred by the one-year statute of

limitations for FDCPA claims, 15 U.S.C. § 1692k(d).  (*See* Dkt. No. 11.)[1]  Because Plaintiff has not plausibly alleged that his claim is timely, the Court GRANTS the motion to dismiss.  Further, because Plaintiff represents that he does not have evidence that would establish his claim is timely, the Court finds that leave to amend would be futile.  The Court does not retain jurisdiction over Plaintiff's state law claims.

## II    BACKGROUND

This case concerns two letters Plaintiff received from Defendant, a debt collector.  The first letter, dated July 13, 2023 ("July 13 Letter") identified "United Collection Bureau, Inc. [] a debt collector" as the sender and stated that Plaintiff owed a debt of $1919.22 to "PORT ORCHARD HARRISON."  (Dkt. No. 1 at 2, 7.)  The letter provided information on how to dispute the debt, stating that "[i]f you write to us by 09-27-23, we must stop collection on any amount you dispute until we send you information that shows you owe the debt."  (*Id.* at 7.)  The letter provided a link by which the recipient could file a dispute electronically.  (*Id.*)  Plaintiff did dispute the debt on August 16, 2023 around 7:00 p.m., using the electronic form.  (*Id.* at 3.)  On August 19, 2023, Plaintiff received a second letter, dated August 14, 2023—two days before the dispute was filed—again seeking to collect the $1919.22 debt ("August 14 Letter").  (*See id.*)  The August 14 Letter stated: "We have been unsuccessful in securing a payment arrangement on the above referenced account. We request that you contact us so that we may work out a repayment plan that will satisfy our client and resolve your delinquent account."  (*Id.* at 8.)  The August 14 Letter includes a statement appearing to indicate additional information is contained

---

[1] Additionally, Plaintiff's response to the Motion to Dismiss was not timely: he filed the response on November 18, 2024, when it was due on November 15, 2024.  Plaintiff acknowledges the error and states he inadvertently relied on a former version of the Local Rules.  (Dkt. No. 16.)  In the interest of resolving this dispute on the merits, and considering Plaintiff's *pro se* status, the Court GRANTS Plaintiff's motion for an extension of time.  (Dkt. No. 18).

on the backside of the letter, "SEE REVERSE SIDE FOR IMPORTANT INFORMATION,"[2] though Plaintiff's Complaint includes only a scan of the front side of the letter. (*See id.*) On August 19, 2024, Plaintiff initiated this case. (Dkt. No. 1-1 at 1.)

### III     DISCUSSION

**A. Legal Standard**

1. <u>Motions to Dismiss</u>

Federal Rule of Civil Procedure 12(b) motions to dismiss may be based on either the "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (internal citations omitted).

Thus, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing a motion to dismiss, the Court takes a two-step approach: First, the Court separates factual allegations, which must be presumed true, from legal

---

[2] The July 13 Letter bears the same statement, in lower-case letters. (Dkt. No. 1 at 8.) Plaintiff did not include a scan of the reverse of that letter, either.

conclusions, which are not presumed true. *Id.* at 678–679. Second, the Court determines if those facts "plausibly give rise to an entitlement to relief." *Id.* at 679.

Additionally, complaints filed pro se are "to be liberally construed"; "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) ("*Iqbal* incorporated the *Twombly* pleading standard and *Twombly* did not alter courts' treatment of pro se filings; accordingly, we continue to construe pro se filings liberally when evaluating them under *Iqbal*."). "Unless it is absolutely clear that no amendment can cure the defect, [] a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). However, leave to amend is properly denied if amendment would be futile. *See Ventress v. Japan Airlines*, 603 F.3d 676, 680 (9th Cir. 2010); *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002).

### 2. The FDCPA and Its Statute of Limitations

"Congress enacted the FDCPA to 'eliminate abusive debt collection practices by debt collectors' in order to 'protect consumers.'" *Brown v. Transworld Sys., Inc.*, 73 F.4th 1030, 1040 (9th Cir. 2023) (quoting 15 U.S.C. § 1692(e)). "The FDCPA pursues [this purpose] by imposing affirmative requirements on debt collectors and prohibiting a range of debt-collection practices." *Id.* (quoting *Rotkiske v. Klemm*, 589 U.S. 8, 10 (2019)). "Because the statute is broadly remedial, we liberally construe the FDCPA in favor of consumers." *Id.* (quoting *McAdory v. M.N.S. & Assocs., LLC*, 952 F.3d 1089, 1092 (9th Cir. 2020)).

At issue in this case is § 1692g(b), notices concerning disputed debts, and § 1692k(d), the statute of limitations. The former provides as follows:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

15 U.S.C § 1692g. The statute of limitations for initiating a suit under the FDCPA runs "one year from the date on which the violation occurs." 15 U.S.C. § 1692k. The Supreme Court has held that, by its plain text, "the statute of limitations in § 1692k(d) begins to run on the date on which the alleged FDCPA violation occurs, not the date on which the violation is discovered." *Rotkiske*, 589 U.S. at 10. In *Naas v. Stolman*, the Ninth Circuit approvingly cited other circuits which had held that in the context of debt service letters, rather than legal complaints, the statute of limitations "begins to run when a harassing collection letter is <u>mailed</u>." 130 F.3d 892, 893 (9th Cir. 1997) (emphasis added). That is because "the date of mailing is a date which may be 'fixed by objective and visible standards,' one which is easy to determine, ascertainable by both parties, and may be easily applied." *Id.* (quoting *Mattson v. U.S. West Commc'ns,* 967 F.2d 259, 261 (8th Cir. 1992)).

**B.  Plaintiff's Complaint Is Time-Barred**

The only fact in dispute at this stage of the litigation is the true mailing date of the August 14 Letter. Plaintiff does not appear to dispute that if the letter was mailed on August 14, 2023,

ORDER GRANTING MOTION TO DISMISS (DKT. NO. 11), GRANTING MOTION FOR EXTENSION (DKT. NO. 18), AND DENYING MOTION FOR SANCTIONS (DKT. NO. 24). - 5

that his FDCPA claim is time-barred. This is because he filed suit on August 19, 2024—more than a year later. Instead, Plaintiff suggests that Defendant may have mailed the August 14 Letter at a date later than August 14. (*See* Dkt. No. 14 at 4, "If the August 14 letter was mailed on August 17, 2023, the one-year statute of limitation would normally expire on August 17, 2024…."). Plaintiff further argues that if the letter was mailed on August 17, 2023, then his claim would be timely, because August 17, 2023 was a Saturday, and under Federal Rule of Civil Procedure 6(a), deadlines falling on a Saturday carry over to the next Monday—which would be August 19, 2023. (*Id.*)

First, the Court assumes for purposes of this motion that Federal Rule of Civil Procedure 6(a) applies to computation of the FDCPA's statute of limitations. By its terms, Rule 6(a) applies to "any statute that does not specify a method of computing time." The Ninth Circuit has observed that "Rule 6(a) is widely applied to federal limitations periods" and it "can apply to 'any applicable statute' in the absence of contrary policy expressed in the statute." *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (quoting *Union Nat'l. Bank v. Lamb,* 337 U.S. 38, 40–41 (1949)); *see also Otter v. Northland Grp., Inc.*, No. 12-2034-RSM, 2013 WL 2243874, at *2 (W.D. Wash. May 21, 2013) (applying Rule 6(a) to an FDCPA claim); *Clark v. Bonded Adjustment Co.*, 176 F. Supp. 2d 1062, 1064–1068 (E.D. Wash. 2001) (same, with extensive analysis). Thus, the Court will proceed under the assumption that this lawsuit could theoretically be timely if the August 14 letter was actually mailed on August 17.

But Plaintiff needs more than a hypothetical to survive the Motion to Dismiss, and his Complaint fails to plausibly *allege* that the August 14 Letter was mailed later than August 14. Plaintiff does speculate in the Complaint that since he "only received [the] July 13 letter on July 22, 2023, [that fact] may also indicate intentional mailing delay practice on the part of UCBI, to

be proven or disproven in discovery." (Dkt. No. 1 at 4.) He also provided a screenshot of a USPS Informed Delivery Digest email dated August 19, 2023 to substantiate the claim that he *received* the August 14 letter on August 19. (Dkt. No. 1 at 3, 11.) However, the conjecture of an "intentional mailing delay practice" is not a fact, and the facts that are in the record are insufficient to show that the letter was mailed late enough to make this lawsuit timely, even under a plausibility standard.[3]

If there was a prospect that Plaintiff could produce a postmarked envelope with a mailing date of August 17, the Court would grant leave to amend for Plaintiff to do so. However, Plaintiff represents that is not the case. He states that *Naas'* discussion of mailing dates being easily "ascertainable" is not applicable here, because "there was no postmark date on the dunning letter's envelope, and no other information available to both parties, except the date on the letter itself, which is not proof of when the letter was mailed, or even printed." (Dkt. No. 10 at 5.)[4] Though the Court agrees that the date printed on the letter is not conclusive proof of when it was mailed, Plaintiff's claim is futile without any evidence of a later mailing date. The Court has no power to disregard *Naas* or augment a Congressionally imposed statute of limitations in light of individual circumstance. Statutes of repose are, by their nature, arbitrary.

Because Plaintiff represents that he does not have, and thus cannot produce, relevant evidence that would show his claim is timely,[5] the Court finds that leave to amend would be futile. *Ventress v. Japan Airlines*, 603 F.3d 676, 680 (9th Cir. 2010).

---

[3] Likewise, Plaintiff's statement that Defendant "could have" called him and left a message "invalidating / recalling" the August 14 Letter (*See* Dkt. No. 14 at 5) is irrelevant without an allegation that Defendant *did in fact* call him.

[4] A "Dunning Letter" is a term for a late payment notice.

[5] Plaintiff conducted an experiment in which he mailed himself a letter to see how many days it would take to arrive. (Dkt. No. 10 at 3.) Since the mailing time of Plaintiff's test-letter is not

***

Finally, for completeness and because it is relevant to the state law claims discussed *infra*, the Court notes that the FDCPA claim would be unlikely to survive a motion to dismiss, even if timely. As noted *supra*, § 1692g(b) does allow collection activities by the debt collector in the 30-day validation window, if the consumer has not disputed the debt, and only if communication from the collector does not "overshadow or [is] inconsistent with the disclosure of the consumer's right to dispute the debt." Here, Plaintiff did not dispute the debt until August 16 around 7:00 p.m. (Dkt. No. 1 at 3), so the second collection letter, dated August 14 is not *per se* prohibited. In *Renick v. Dun & Bradstreet Receivable Management Services*, the Ninth Circuit held that a second collection letter sent 20 days after an initial letter did not violate the FDCPA, in part because on the reverse of the letter it twice stated that the consumer had 30 days to dispute the debt. 290 F.3d 1055, 1057 (9th Cir. 2002). Here, Plaintiff has submitted a copy of the front side of the August 14 Letter that states, "SEE REVERSE SIDE FOR IMPORTANT INFORMATION," but did not submit a copy of the reverse of the letter. (*See* Dkt. No. 1 at 8.)[6] If that reverse side of the letter informs the recipient of his right to dispute the debt, then the August 14 Letter would not overshadow that right.

### C. The State Law Claims Are Inadequately Pled, and To the Extent Plaintiff Can Cure Those Deficiencies, This Court Does Not Retain Jurisdiction

---

probative of the *actual* mailing time of the August 14 Letter, his experiment would not be admissible evidence in this case. *See* Fed. R. Ev. 401.

[6] Defendant did not provide full copies of the letters, either. While Federal Rule of Civil Procedure 12(d) ordinarily prevents consideration of matters outside of the pleadings on a motion to dismiss, it does not prohibit parties from "present[ing] all the material that is pertinent to the motion."

Plaintiff's Complaint alleges that Defendant has violated the WCPA, Washington Revised Code § 19.86.020, which prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce," by violating the FDCPA and the WCAA, Washington Revised Code §§ 19.16.250, 19.16.440. (*See* Dkt. No. 1 at 4.) § 19.16.440 declares that violations of § 19.16.250 by a debt collector are unfair business practices—and the latter contains a list of 29 prohibited practices, but the Complaint does not identify which is at issue. *See* Wash. Rev. Code. § 19.16.250; (*see* Dkt. No. 1 at 4.). Plaintiff's Complaint also refers to Washington Revised Code § 19.86.093(b)(3), which allows a claimant to establish a WCPA violation on the basis of a practice that "had the capacity to injure other persons." (*See id.*)

In his response to the Motion, Plaintiff clarifies that his theory of liability relates to § 19.16.250(16), which prohibits "any action against the debtor which the licensee cannot legally take at the time the threat is made." (*See* Dkt. No. 14 at 6.) He argues that a violation of the FDCPA is a violation of the WCPA, citing *Fairway Collections, LLC v. Turner*, 540 P.3d 805, 817 (Wash. Ct. App. 2023) ("a violation of the FDCPA is a *per se* violation of the CPA."). Plaintiff further argues that Defendant violated § 19.16.250(16) by stating, in the August 14 Letter, that "it is our intent to credit report your account if not resolved within 30 days from the date of this letter," because the July 13 Letter provided until August 27, 2023 to contest the debt. (Dkt. No. 14 at 6.) He also argues that the one-year statute of limitations for the FDCPA claim has no bearing on the WCPA claim, since the latter has a four-year limitations period. (*See id.* at 7, citing *Deegan v. Windermere Real Estate*, 391 P. 3d 582, 591 (Wash. Ct. App. 2017)). Defendant replies that Plaintiff has failed to plead all five elements of a WCPA claim, including as relevant here, the final two elements: injury and causation. (Dkt. No. 15 at 7, citing *Hangman Ridge Training Stables, Inc. v. Safco Title Ins. Co.*, 719 P.2d 531 (Wash. 1986)).

Plaintiff is correct that the FDCPA statute of limitations does not bar his state law claims, but if the basis for his state law claim is the federal claim, then the merits issues with the federal claim identified by the Court *supra* remain. Moreover, Defendant is correct that Plaintiff needs to plead injury and causation to establish his state law claim; a *per se* violation of the WCPA only satisfies the first three elements of the claim ("(1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) affecting the public interest") but not the final two elements ("(4) injury to a person's business or property, and (5) causation."). *See Fairway Collections*, 540 P.3d at 813.

To the extent that Plaintiff could amend his pleading to address these issues and continue to pursue his state law claims, he will need to do so in state court. This Court will not retain jurisdiction over those claims. *See Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir.), *supplemented*, 121 F.3d 714 (9th Cir. 1997), *as amended* (Oct. 1, 1997) ("a federal district court with power to hear state law claims has discretion to keep, or decline to keep, them under the conditions set out in [28 U.S.C.] § 1367(c)"); *see also* 28 U.S.C. § 1367(c)(2) (authorizing a district court to decline supplemental jurisdiction where a state law claim "substantially predominates over the claim or claims over which the district court has original jurisdiction").

### D. Motion for Sanctions

The Court finds that Plaintiff's Motion for Sanctions (Dkt. No. 24) is meritless in that it merely rehashes the arguments in the Motion to Dismiss without demonstrating any sanctionable conduct, and the motion is therefore DENIED.

## IV   CONCLUSION

For the foregoing reasons, the Motion to Dismiss (Dkt. No. 11) is GRANTED, without leave to amend in this Court. Additionally, the Motion for Extension (Dkt. No. 18) is GRANTED, and the Motion for Sanctions (Dkt. No. 24) is DENIED.

Dated this 12th day of February, 2025.

David G. Estudillo
United States District Judge