UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| IGOR LUKASHIN,<br><br>    Plaintiff,<br>    v.<br><br>UNITED COLLECTION BUREAU, INC.,<br><br>    Defendant. | CASE NO. 3:24-cv-05685-DGE<br><br>ORDER DENYING MOTION FOR RECONSIDERATION (DKT. NO. 33.) |

## I    INTRODUCTION

Plaintiff initiated this action alleging violations of the Fair Debt Collection Practices Act ("FDCPA"). Defendant moved to dismiss on the grounds that the claim is time barred. (Dkt. No. 11.) This Court granted the motion to dismiss. (Dkt. No. 32.) Plaintiff moves for reconsideration, arguing that the Court impermissibly required Plaintiff to disprove an affirmative defense. (Dkt. No. 33.) The Court disagrees. The motion for reconsideration is DENIED.

ORDER DENYING MOTION FOR RECONSIDERATION (DKT. NO. 33.) - 1

## II  BACKGROUND

Defendant, a debt collector, mailed Plaintiff a letter dated July 13, 2023, attempting to collect on a debt and notifying Plaintiff of his right to contest the debt. (Dkt. No. 32 at 2.) On August 16, 2023, Plaintiff exercised his right to contest the debt. (*Id.*) But Defendant sent a second letter, dated August 14, 2023 (i.e., two days before the debt was contested) again seeking to collect on the debt. (*Id.*) Plaintiff filed suit on August 19, 2024. (Dkt. No. 1.) Plaintiff alleges that the August 14 letter violated his rights under the FDCPA. (Dkt. No. 4 at 3.) The statute sets out a 30-day quiet period after the debt collector notifies the debtor of their right to contest the debt, but during this period successive communication is allowed so long as it does not "overshadow" the right to contest the debt. 15 U.S.C. § 1692g(b). However, the statute also contains a one-year statute of limitations. 15 U.S.C. § 1692k(d). Plaintiff received the letter on August 19, 2023 (Dkt. No. 1 at 3), but the statute of limitations runs from the date of the violation, not the date of discovery. *Rotkiske v. Klemm*, 589 U.S. 8, 10 (2019). Defendant moved to dismiss on the grounds that Plaintiff's complaint was filed more than a year after the August 14 letter was mailed. (Dkt. No. 11.) Plaintiff argued it was feasible that the letter had been mailed later than August 14, and that his complaint would still be timely if it was mailed on August 17, 2023, by application of Fed. R. Civ. P. 6(a). (*See* Dkt. No. 14 at 4.) The Court found that Plaintiff's suggestion of later mailing was speculative and not supported by any admissible evidence, and granted the motion. (Dkt. No. 32 at 6–7.)

## III  DISCUSSION

A. **Legal Standard for Reconsideration**

Under Local Civil Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or

legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. LCR 7(h)(1). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

### B. Analysis

Plaintiff primarily argues the Court impermissibly placed the burden of proof on Plaintiff to disprove Defendant's affirmative defense, and in doing so erroneously granted the motion to dismiss. (Dkt. No. 33 at 3.) The Court gave due consideration to this argument, but finds it unpersuasive.

In a recent case, which is the subject of a notice of supplemental authority by Plaintiff (Dkt. No. 38), the Ninth Circuit clarified when dismissal is appropriate on the basis of an affirmative defense. The court stated:

> "Ordinarily, affirmative defenses ... may not be raised on a motion to dismiss except when the defense raises no disputed issues of fact." *Lusnak v. Bank of Am., N.A.*, 883 F.3d 1185, 1194 n.6 (9th Cir. 2018). "In other words, dismissal based on an affirmative defense is permitted when *the complaint* establishes the defense." *U.S. Commodity Futures Trading Comm'n v. Monex Credit Co.*, 931 F.3d 966, 973 (9th Cir. 2019). "Only when the plaintiff pleads itself out of court—that is, admits all the ingredients of an impenetrable defense—may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6)." *Durnford v. MusclePharm Corp.*, 907 F.3d 595, 603 n.8 (9th Cir. 2018) (quoting *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004)). This rule reflects that affirmative defenses require the defendant to prove facts beyond

those necessary to support the plaintiff's *prima facie* case, making it difficult to assess the defense's merit on a 12(b)(6) motion where review is limited to the allegations in the complaint.

*Jensen v. Brown*, No. 23-2545, 2025 WL 748139, at *9 (9th Cir. Mar. 10, 2025).

This case falls within the category where dismissal based on an affirmative defense is permitted because "*the complaint* establishes the defense." *Id.* Here, the statute of limitations defect was evident on the face of Plaintiff's complaint: the letter that formed the basis of the complaint was dated August 14, 2023, and he filed suit more than one year after that date. Defendant then moved to dismiss the complaint on that basis. On a motion to dismiss, plaintiff's burden is to prove that his claims are at least plausible; the Court draws factual inferences in the non-movant's favor after stripping away legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). So while Plaintiff need not disprove the affirmative defense, if the face of the complaint reveals that the claim is time-barred, and there is no evidence to the contrary, the claim is not plausibly stated, and dismissal is appropriate. In response to the motion, Plaintiff was only able to offer a hypothetical as to how the case could be timely, and as the Court explained in the prior order, that was not enough to survive the motion. (Dkt. No. 32 at 6–7.)

Other cases cited by Plaintiff reinforce this conclusion. In *United States v. Page*, the Ninth Circuit reversed a district court that *sua sponte* dismissed a complaint for a statute of limitations defect. 116 F.4th 822 (9th Cir. 2024). Here, the dismissal is not *sua sponte* (i.e. on the Court's own initiative), but the court's discussion of the issue is illustrative. The court stated, "[w]e may uphold a dismissal on statute of limitations grounds only if, accepting all well-pled facts in the complaint as true, 'it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'" *Id.* at 826. That is exactly the conclusion this Court reached in its prior order. (*See* Dkt. No. 32 at 7, declining to offer leave to amend because

"Plaintiff represents that he does not have, and thus cannot produce, relevant evidence that would show his claim is timely.")[1]  Plaintiff also relies on *Nayab v. Cap. One Bank (USA), N.A.*, 942 F.3d 480, 493 (9th Cir. 2019), which holds that a district court may not shift the burden to a plaintiff to prove a defendant's improper purpose for obtaining a credit report under the Fair Credit Reporting Act.  *Nayab* is not relevant to the statute of limitations question here.

Relatedly, Plaintiff argues the Court erred by not drawing an inference in his favor from his self-mailing experiment, in which he mailed himself a letter and received it within two days, therefore establishing that "two-day mail transit was possible." (Dkt. No. 33 at 3.)  Even assuming this information is true, it does not help Plaintiff's case.  As the Court explained in its last order, that is not sufficiently probative of what happened *in this case*. (Dkt. No. 32 at 7–8 n.5.)  Plaintiff speculates that it is *possible* that the letter dated August 14 was actually mailed on August 17 and it is *possible* that a letter mailed on August 17 would then reach him on August 19. (*See* Dkt. No. 14 at 4.)  But "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The Court again finds that these speculative assertions are insufficient to survive the motion.

### C. Dicta Concerning the Reverse of the Letter Does Not Merit Reconsideration

In its prior order, the Court cited a Ninth Circuit case that holds that a successive debt collection letter did not violate the FDCPA where it contained notice of the recipient's right to contest the debt on the reverse of the letter. *Renick v. Dun & Bradstreet Receivable Mgmt. Servs.*, 290 F.3d 1055, 1057 (9th Cir. 2002).  The Court observed that the front of the August 14

---

[1] The section of *Page* Plaintiff cites, 116 F.4th at 828–829, holds that the statute of limitations under 26 U.S.C. § 6532 runs from the date a check is cleared, but that is not relevant here.  The FDCPA is a different statute, and the Supreme Court has already construed its statute of limitations to run from the date of violation. *Rotkiske*, 589 U.S. at 10.

1   Letter stated, "SEE REVERSE SIDE FOR IMPORTANT INFORMATION," but the Complaint

2   and its attachments did not include a copy of the reverse of the letter.  (Dkt. No. 32 at 8.)

3   Plaintiff has now provided a copy of the reverse of the letter, and it does not contain a debt

4   validation notice.  (*See* Dkt. No. 33-1 at 4.)  This information could strengthen Plaintiff's merits

5   argument, but it does not warrant reconsideration, because the Court's discussion of *Renick* was

6   dictum not essential to its holding.  See *Stein v. Kaiser Found. Health Plan, Inc.*, 115 F.4th 1244,

7   1248 (9th Cir. 2024) (Forrest, J., concurring) (quoting Black's Law Dictionary (1st ed. 1891) for

8   definition of dictum as "an observation or remark made by a judge in pronouncing an opinion

9   upon a cause, concerning some rule, principle, or application of law, or the solution of a question

10  suggested by the case at bar, but not necessarily involved in the case or essential to its

11  determination.").  Clarification as to the contents of the reverse of the August 14 letter does not

12  remove the time-bar defect, so it does not change the outcome of the case.

13              **D. The Court's Ruling on Sanctions Was Adequately Explained**

14              Plaintiff moved for sanctions against Defense counsel under Rule 11 (or other authority),

15  arguing that counsel misrepresented the statements in Plaintiff's complaint regarding mailing

16  dates of the letters at issue.  (Dkt. No. 24.)  In the Court's prior order, the Court denied this

17  motion, stating that it "is meritless in that it merely rehashes the arguments in the Motion to

18  Dismiss without demonstrating any sanctionable conduct."  (Dkt. No. 32 at 10.)  Plaintiff argues

19  the Court insufficiently explained its reasoning for the denial.  (Dkt. No. 33 at 5.)  First, the

20  Court is not required to give a full statement of reasons for every decision.  *See* Fed. R. Civ. P.

21  52(a)(3) ("The court is not required to state findings or conclusions when ruling on a motion

22  under Rule 12 or 56 or, unless these rules provide otherwise, on any other motion."); *see also*

23  Fed. R. Civ. P. 11(c)(6) (requiring a statement of reasons when sanctions are *granted*).  But the

24

Court did provide a statement of reasons here—that the motion did not "demonstrate[e] any sanctionable conduct." (Dkt. No. 32 at 10.)

Nonetheless, the Court elaborates on its reasoning for the denial, and reaches the same conclusion yet again. Plaintiff alleges Defendant's counsel "misrepresented that Lukashin treated the date printed on the letters as 'the date on which it was mailed.'" (Dkt. No. 24 at 3.) Plaintiff quotes a line in Defendant's motion to dismiss, which states "Plaintiff refers to each by the date on which it was mailed ("The August 14, letter" and the "July 13 letter"). (Compl. at 2-3, 7-8)." (Dkt. No. 11 at 3.) That statement is true and accurately quotes Plaintiff's complaint (*see* Dkt. No. 1 at 2–3); it is not sanctionable. Plaintiff further argues that cases Defendant cited are distinguishable, or that Defendant failed to address cases that Plaintiff raised (*see* Dkt. No. 24 at 6–8), but that is ordinary legal argumentation, not sanctionable conduct. Reconsideration is not warranted.

### D. The Court Will Not Award Attorneys Fees for the Motion

Defendant asks the Court to order Plaintiff to pay attorney fees for the cost of responding to the motion for reconsideration, which Defendant calculates as $2,023.50. (Dkt. No. 36 at 6–7.) Defendant's request does not cite any legal authority, but argues that Plaintiff has "engaged in expensive and unnecessary motion practice in an apparent effort to run up the fees and compel UCB to settle an unsupported claim," and has "even used the threat of a bar complaint against the undersigned as leverage to coerce a settlement from UCB." (*Id.* at 6.) The Court believes denial of the reconsideration motion adequately addresses Defendant's concern about coercive settlement for an unsupported claim. To the extent Defendant seeks attorney fees as a sanction under Rule 11 or 28 U.S.C. § 1927, the Court does not believe that is warranted; while the Court ultimately rejects Plaintiff's argument regarding burden shifting, it is not frivolous.

Plaintiff seeks leave to file a reply to Defendant's response, because Defendant raises the issue of attorney fees in the response. (*See* Dkt. No. 40.) Because the Court denies the motion for attorney fees, Plaintiff's motion is DENIED as moot.

## IV    CONCLUSION

Plaintiff's Motion for Reconsideration (Dkt. No. 33) is DENIED, each side to bear its own costs. Plaintiff's Motion for Leave to file a reply (Dkt. No. 40) is DENIED as moot.

Dated this 24th day of March, 2025.

David G. Estudillo
United States District Judge