UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| IGOR LUKASHIN,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>UNITED COLLECTION BUREAU, INC.,<br><br>　　　　　　　Defendant. | CASE NO. 3:24-cv-05685-DGE<br><br>ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT AND DENYING EXTENSION OF TIME TO APPEAL (DKT NOS. 45, 48.) |

## I   INTRODUCTION

Before the Court is Plaintiff's motion for relief from judgment under Rule 60(b)(6) based on intervening change in law, and Plaintiff's second, conditional motion for extension of time. (Dkt. Nos. 45, 48.) The Court DENIES Plaintiff's Rule 60(b)(6) motion, and DENIES as moot his conditional motion for extension of time.

## II   BACKGROUND

Previously, the Court granted Defendant's motion to dismiss, holding that this case is time barred. (Dkt. No. 32.) The Court entered that order on February 12, 2025. (*See id.*)

ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT AND DENYING EXTENSION OF TIME TO APPEAL (DKT NOS. 45, 48.) - 1

1   Plaintiff then moved for reconsideration, arguing that the Court's order improperly placed the
2   burden on him to disprove an affirmative defense.  (Dkt. No. 33.)  The Court denied that motion,
3   holding that where the statute of limitations defect was evident on the face of the complaint, it
4   was not inappropriate to grant a motion to dismiss based on that defect.  (Dkt. No. 42.)  The
5   Court entered that order on March 24, 2025.  (*See id.*)

6           On April 4, 2025, Plaintiff filed a motion seeking an extension of time to appeal for good
7   cause, and also a clarification as to whether his deadline to appeal ran from the time of the
8   Court's initial order or its order on reconsideration.  (Dkt. No. 43.)  The Court declined to
9   provide advice regarding the deadline to appeal and declined to grant an extension of the
10  deadline in a minute order on April 14, 2025.  (Dkt. No. 44.)  Plaintiff sought reconsideration of
11  that order, arguing that there was good cause for extension and that the Court erred by ruling on
12  the motion for extension of time before any responsive briefing was filed.  (Dkt. No. 46.)  The
13  Court found that Plaintiff had still failed to show any good cause, but nonetheless out of an
14  abundance of caution with respect to the procedural issue, the Court granted the two-week
15  extension Plaintiff sought, moving the deadline to May 7, 2025.  (Dkt. No. 47.)

16          Plaintiff now asks this Court to reopen the case and grant relief from judgment under
17  Federal Rule of Civil Procedure 60(b)(6), due to an intervening change in law.  (Dkt. No. 45.)
18  He argues that *Cunningham v. Cornell University*, 145 S. Ct. 1020 (2025), provides further
19  support for his affirmative defense argument.  (*See id.*)  He further requests yet another extension
20  of the deadline to appeal, until May 21, 2025, but only if the Court does not rule on the Rule
21  60(b)(6) motion by May 7, 2025.  (Dkt. No. 48.)  Defendant opposes both motions, arguing that
22  *Cunningham* has not changed the law applicable to this case and that further extension would
23  exceed the bounds of Federal Rule of Appellate Procedure 4(a)(5).  (*See* Dkt. No. 50.)

24

ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT AND DENYING EXTENSION OF TIME TO APPEAL (DKT NOS. 45, 48.) - 2

Defendant further seeks costs for the motion and an order preventing Plaintiff from filing more motions in this closed case. (*Id.* at 8–9.)

### III    DISCUSSION

A. <u>Relief Under Rule 60(b)(6) is Not Warranted as *Cunningham* Is Not Relevant to This Case</u>

Under Federal Rule of Civil Procedure 60(b)(6), a court may relieve a party from final judgment for "any other reason that justifies relief." The Ninth Circuit has stated that:

> Rule 60(b)(6) has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment. A party seeking to re-open a case under Rule 60(b)(6) must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion.

*Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007) (internal citations and quotations omitted).

The Ninth Circuit has applied Rule 60(b)(6) to situations where there has been an intervening change in law, adopting a multi-factor test first set out in the habeas context. *Henson v. Fidelity National Financial, Inc.*, 943 F.3d 434, 440 (9th Cir. 2019) (citing *Phelps v. Alameida*, 569 F.3d 1120, 1135–1140 (9th Cir. 2009)). Under *Henson* and *Phelps*, in evaluating whether 60(b)(6) relief is appropriate for an intervening change in law, a court must evaluate: the change in law, plaintiff's diligence in pursuing relief, reliance interest in finality, delay between judgment and the 60(b)(6) motion, relationship between the original judgment and change in law, comity, and the court may also consider any other factors that are relevant. *See id.* at 446–455.

This analysis ends at the first *Henson-Phelps* factor because the purported change in law is not relevant to this case. *See Riley v. Filson*, 933 F.3d 1068, 1071 (9th Cir. 2019) ("the key issue is whether there was 'a change in the law,' and so we do not need to reach the other five

1 factors if there was no change."). Plaintiff argues that *Cunningham* represents a change in law. In that case, the Supreme Court held that a plaintiff bringing a claim under the Employment Retirement Income Security Act (ERISA), 29 U.S.C. § 1106, does not need to plead that the defense stated in 29 U.S.C. § 1108(b)(2)(A) does not apply, because it is an affirmative defense. 145 S. Ct. at 1024.

The Court already extensively discussed the law on affirmative defenses and when a motion to dismiss is proper in its order denying reconsideration. The Court cited Ninth Circuit caselaw holding that "dismissal based on an affirmative defense is permitted when *the complaint* establishes the defense," and held that this was such a situation because the complaint made clear that Plaintiff's claim was time-barred. (*See* Dkt. No. 42 at 3–4, citing *Jensen v. Brown*, 131 F.4th 677, 691 (9th Cir. 2025)). Nothing about the Supreme Court's discussion of an ERISA claim in *Cunningham* changes that analysis.

As this motion has been pending, Plaintiff has continued to file notices of supplemental authorities for cases that are not relevant. He cites *McFarland v. Tompkins*, ---P.3d---, 2025 WL 1186580 (Wash. Ct. App. April 24, 2025), a case about summary judgment under the Washington Open Meetings Act. (*See* Dkt. No. 49.) He also cites a Second Circuit opinion which holds, in part, that a constitutional Takings Clause claim was not time barred by New York law, based on when the claim accrued. (Dkt. No. 51, citing *Sikorsky v. City of Newburgh, New York*, No. 23-1171-CV, 2025 WL 1271842, at *5 (2d Cir. May 2, 2025)). Again, this has no bearing on the Court's discussion of the statute of limitations for Plaintiff's FDCPA claim. (*See* Dkt. No. 42 at 2, citing *Rotkiske v. Klemm*, 589 U.S. 8, 10 (2019)).

None of the authorities Plaintiff cites constitute an intervening change in law, and relief under Rule 60(b)(6) is not warranted.

B. <u>Plaintiff's Conditional Request for Extension of Time is Moot</u>

Plaintiff requests that the Court "[c]onditionally GRANT an extra extension of the time to appeal by 5 p.m. on May 7, 2025, if it becomes necessary for the Court to wait past that time to receive full briefing on Lukashin's Rule 60(b) motion (if UCB's Response to that motion is not filed by the end of day May 5, 2025) for good cause shown[.]" (Dkt. No. 48 at 5) (footnote omitted). He asks the Court "to rule on the Rule 60(b)(6) motion no later than 5 p.m. on May 7" and states that "[i]n this case, the extra extension of time to appeal will not be necessary, as either an appeal would no longer be necessary, or good cause for extra extension would cease to exist when the Court rules." (*Id.* at 2.)

Defendant filed its response on May 2, 2025 (Dkt. No. 50), Plaintiff filed his reply on May 5 (Dkt. No. 51), and the Court issues this order on May 6. The conditions under which Plaintiff represents that he would seek a further extension of the time to appeal have not come to pass. Accordingly, the Court DENIES his conditional request for extension of time to appeal (Dkt. No. 48) as moot.

C. <u>The Court Does Not Grant Sanctions Because Defendant Failed to Comply with Procedure for Rule 11</u>

Defendant requests that the Court grant it costs for responding to this motion because Plaintiff's motion violates Federal Rule of Civil Procedure 11(b)(1), which prohibits pleadings "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." (*See* Dkt. No. 50 at 8.) The Court sees merit in Defendant's argument. However, the Court cannot grant sanctions at this time, as Plaintiff is correct that Defendant failed to comply with the requirements of Rule 11(c)(2), which requires that the

motion be made "separately from any other motion" and provides a 21 day "safe harbor" provision. (*See* Dkt. No. 51 at 6.)

Additionally, Defendant asks this Court to use its inherent powers to order Plaintiff not to file further papers in this case, unless he is successful on appeal. (Dkt. No. 50 at 9.) The Ninth Circuit has stated that "[i]t is well established that '[d]istrict courts have inherent power to control their docket.'" *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (quoting *Atchison, Topeka & Santa Fe Ry. v. Hercules, Inc.,* 146 F.3d 1071, 1074 (9th Cir.1998)). "This includes the power to strike items from the docket as a sanction for litigation conduct." *Id.* Although such a sanction may be appropriate here in light of how Plaintiff's myriad filings have extended this litigation, the Court declines to enter a sanction at this time. However, the Court warns Plaintiff that any future filings in this matter absent success on appeal will be scrutinized closely for frivolity or harassing conduct.

### IV    CONCLUSION

If Plaintiff believes that the Court wrongly dismissed his case, he needs to appeal that decision to the Ninth Circuit, not to this Court.

Accordingly, Plaintiff's Rule 60(b)(6) motion (Dkt. No. 45) is DENIED, and his conditional motion for extension of time (Dkt. No. 48) is DENIED as moot.

Dated this 6th day of May, 2025.

David G. Estudillo
United States District Judge